IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00285-MEH

JULIE CASARETTO,

    Plaintiff,

v.

GEICO CASUALTY COMPANY,

    Defendant.

---

# ORDER ON PLAINTIFF'S MOTIONS IN LIMINE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are Plaintiff's Motions in Limine. *See* ECF Nos. 50–51.

## I. Plaintiff's Motion in Limine Re: Improper Statements or Innuendo Regarding Plaintiff's Motives for Asserting Claims Against Defendant, such as Greed, Secondary Gain, Malingering or Other Such Motives

Plaintiff's Motion in Limine Re: Improper Statements or Innuendo Regarding Plaintiff's Motives for Asserting Claims Against Defendant, such as Greed, Secondary Gain, Malingering or Other Such Motives [filed May 10, 2017; ECF No. 50] is **denied without prejudice**. Plaintiff seeks to exclude all argument, testimony, and evidence regarding Plaintiff's motivation for asserting claims against Defendant. Pl.'s Mot. 4, ECF No. 50. Defendant contends that "[e]vidence regarding secondary gain as a possible cause of pain and disability are relevant" to the determinations the jury must make. Def.'s Resp. 3, ECF No. 52.

Without knowing the specific context in which the testimony arises and the extent of the evidence presented beforehand, the Court cannot make a definitive determination on whether

1

evidence demonstrating Plaintiff's motivations is admissible. Some of Plaintiff's motivations for bringing this lawsuit may be entirely irrelevant to the extent of Plaintiff's injuries and whether they were caused by the underlying accident. For example, testimony that Plaintiff continues to pursue this lawsuit because of her greed or desire for financial benefits would likely be inadmissible. *See Caldwell v. Wal-Mart Stores, Inc.*, 229 F.3d 1162, at *5 (10th Cir. 2000) (Table) (holding that the district court properly excluded testimony about the plaintiff's financial motivations for pursuing the action, because "absent some evidence of fraud . . . evidence of [the plaintiff's] financial motivation to bring this suit was not relevant to any of the issues in this case."). However, it would be permissible for Defendant to offer Plaintiff's inconsistent statements regarding when and how Plaintiff incurred her injuries to show that the accident was not the cause of the alleged harm.[1] Indeed, evidence offered for this purpose would be directly relevant to Defendant's theory of the case—that the accident did not cause all the injuries of which Plaintiff complains.[2]

Because the admissibility of the evidence Plaintiff seeks to exclude depends on the facts presented at trial and the context in which the evidence is presented, the Court will make real-time determinations in response to specific objections Plaintiff raises. Accordingly, Plaintiff's motion is denied without prejudice.

---

[1] To the extent Defendant intends the inconsistent statements to raise an inference that Plaintiff's injuries are caused, at least in part, by secondary gain, this would likely be permissible. *See Watson v. Taylor*, 477 F. Supp. 2d 1129, 1136 (D. Kan. 2007) ("[E]vidence regarding secondary gain, as a *possible* cause of plaintiff's pain and disability, was relevant. . . . Although evidence of secondary gain may reflect unfavorably on plaintiff's motivation, its probative value was not substantially outweighed by the risk of unfair prejudice.").

[2] Additionally, assuming Defendant can demonstrate that Plaintiff's prior statements are actually inconsistent with her testimony, Defendant may use those statements on cross-examination to impeach Plaintiff's credibility under Rule 613.

**II. Plaintiff's Motion in Limine to Preclude Evidence and Argument Re: the Required Damages Under C.R.S. § 10-3-1116**

Plaintiff's Motion in Limine to Preclude Evidence and Argument Re: the Required Damages Under C.R.S. § 10-3-1116 [filed May 10, 2017; ECF No. 51] is **granted**. Plaintiff seeks to exclude any mention of the statutory penalties provided by Colo. Rev. Stat. § 10-3-1116(1), which permits a plaintiff to recover reasonable attorney fees and two times the covered benefit. Pl.'s Mot. 3, ECF No. 51. Defendant does not oppose the requested relief, and the Court agrees that statutory penalties are not relevant to the issues the jury must decide. *Seidman v. Am. Family Mut. Ins. Co.*, No. 14-cv-03193-WJM-KMT, 2016 WL 8201768, at *3 (D. Colo. Sept. 13, 2016) ("[T]he statutory penalty is not relevant to the jury's deliberations. The jury need only determine the amount of the delayed or denied benefit."); *Toy v. Am. Family Mut. Ins. Co.*, No. 12-cv-01683-PAB-MJW, 2014 WL 486173, at *1 (D. Colo. Feb. 6, 2014) ("Defendant fails to show that the penalty under § 10-3-1116(1) has any probative value on the issue of whether defendant unreasonably delayed or denied payment of the covered benefit."). Accordingly, Plaintiff's motion is granted.

Entered and dated at Denver, Colorado, this 26th day of May, 2017.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge