IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00285-MEH

JULIE CASARETTO,

     Plaintiff,

v.

GEICO CASUALTY COMPANY,

     Defendant.

---

## ORDER ON DEFENDANT'S MOTIONS IN LIMINE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are Defendant's Motions in Limine. *See* ECF Nos. 46–47, 49.

## I.    Defendant's Motion in Limine Re: Window of Evidence for Extra-Contractual Claims

Defendant's Motion in Limine Re: Window of Evidence for Extra-Contractual Claims [filed May 10, 2017; ECF No. 47] is **granted in part and denied in part**. Defendant seeks to exclude all testimony of actions it took before the statute of limitations was triggered on December 8, 2014 and after Plaintiff filed this lawsuit on December 3, 2015. Def.'s Mot. 4–5, ECF No. 47. The Court denies Defendant's motion in so far as it seeks to exclude evidence occurring before the statute of limitations was triggered. However, the Court will exclude all evidence of Defendant's post-filing conduct to the extent Plaintiff seeks to use it to argue Defendant breached the duty of good faith.

First, Defendant does not dispute that Plaintiff brought her claims within the applicable statutes of limitations. Def.'s Mot. 2–4. Instead, Defendant argues that all evidence of its conduct before the limitations period is irrelevant. *Id.* at 4. However, Defendant cites no authority for this

1

proposition, and the Court finds none. Indeed, such a rule would lead to untenable results.

The statute of limitations governs the time within which a plaintiff must bring a civil action. *See, e.g.*, *Comstock v. Collier*, 737 P.2d 845, 846–47 (Colo. 1987). The statute is generally triggered when the plaintiff discovered or should have discovered the injury or damage giving rise to the cause of action. *Polk v. Hergert Land & Cattle Co.*, 5 P.3d 402 (Colo. App. 2000). If the Court were to exclude all conduct occurring before this date, the evidence most relevant to a claim would frequently be inadmissible. For example, in the medical malpractice context, a patient generally does not learn of the doctor's negligence until some time after the conduct occurs. If courts were to exclude all of the doctor's actions prior to the date when the plaintiff learns of the negligent conduct, all evidence regarding the doctor's allegedly negligent procedures would be inadmissible. Similarly, Defendant's actions leading up to its decision to deny Plaintiff's claim on December 8, 2014 are some of the most relevant pieces of evidence in this case. Therefore, although the trigger date begins the statute of limitations period on Plaintiff's claims, it does not signify a date before which all evidence is irrelevant.

To the extent Defendant seeks to exclude only "*unrelated* conduct occurring before the one-year limitations period," Def.'s Mot. 4 (emphasis added), the Court will deny Defendant's request without prejudice. During trial, Defendant may object to Plaintiff's admission of evidence as irrelevant. If Defendant does so, the Court will apply the rules of evidence and will admit only evidence that is relevant to Plaintiff's claims.

Second, Defendant argues the Court should not permit Plaintiff to present evidence of Defendant's post-filing conduct. Def.'s Mot. 4–6. Plaintiff does not contest this argument in her response, and the Court agrees that the evidence should be excluded. "[W]hen an adversarial

proceeding is filed and a genuine disagreement as to the amount of compensable damages exists, the duty to negotiate is suspended, and there is no duty to advance payment of claims." *Baker v. Allied Prop. and Cas. Ins. Co.*, 939 F. Supp. 2d 1091, 1109 (D. Colo. 2013). The parties have a genuine dispute over the amount of UIM benefits Defendant owes Plaintiff. Therefore, Defendant's duty to negotiate a settlement with Plaintiff was suspended on December 3, 2015, when Plaintiff filed this lawsuit. Accordingly, the Court will exclude all evidence suggesting that Defendant breached its duty of good faith by failing to negotiate a settlement and pay Plaintiff benefits after the filing date.

II.     **Defendant's Motion in Limine Re: Evidence of Plaintiff's Retained Expert John Smith's Propaganda Generalizations and Personal Attacks on Defendant's Experts Zachariah Weimer and J.Q. Campbell**

Defendant's Motion in Limine Re: Evidence of Plaintiff's Retained Expert John Smith's Propaganda Generalizations and Personal Attacks on Defendant's Experts Zachariah Weimer and J.Q. Campbell [filed May 10, 2017; ECF No. 46] is **denied without prejudice**. Defendant seeks to exclude all "propaganda generalizations and attacks against Weimer and Campbell." Def.'s Mot. 2, ECF No. 46. Without knowing the extent of the testimony Plaintiff seeks to elicit from its expert, the Court cannot determine whether to exclude such evidence. Portions of the report that Defendant quotes in its motion state an opinion on Defendant's expert's bias. *See* Def.'s Mot. 3 ("It is worth noting that the authors testify primarily for insurance companies asserting people are not injured regardless of medical data."). Evidence of a witness' relationship with a party that might cause the witness to slant his testimony for the party is widely admissible impeachment evidence. *See, e.g.*, *United States v. DeSoto*, 950 F.2d 626, 629 (10th Cir. 1991) (stating that parties should be given "wide latitude" when impeaching a witness based on bias). However, the Court agrees that delving

into numerous specific instances of the experts' prior testimony for Defendant and other insurance companies would have the potential to prejudice and confuse the jury. Because these determinations are more properly made in response to specific testimony that is elicited at trial, the Court will delay issuing a specific ruling on the issues in Defendant's motions until that time.

### III.  Defendant's Motion in Limine Re: Evidence of Loss Reserves

Defendant's Motion in Limine Re: Evidence of Loss Reserves [filed May 10, 2017; ECF No. 49] is **granted**. Defendant seeks to exclude all references to the loss reserves it established for Plaintiff's claim. Def.'s Mot. 3, ECF No. 49. Plaintiff does not oppose Defendant's motion, ECF No. 59, and the Court agrees that exclusion of this evidence is proper. Therefore, Plaintiff will not be permitted to present evidence of Defendant's loss reserves at trial.

Entered and dated at Denver, Colorado, this 30th day of May, 2017.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge